IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK TRAVIS,

                      Plaintiff,                      OPINION AND ORDER

      v.                                          09-cv–77-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

                      Defendant.

---

On October 21, 2009, I issued an order remanding this case to the commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Judgment was entered on October 23, 2009. Now before the court is plaintiff Jack Travis's application for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees in the amount of $4,385.65. Defendant does not dispute the amount of the fees sought but does dispute the characterization of his position as unjustified. Because I find that defendant's position was justified, I will deny plaintiff's application for attorney's fees and costs.

1

FACTS

The relevant facts are set forth in the opinion and order of October 21, 2009. To recap, plaintiff applied for supplemental security income on April 2, 2004, alleging that he was unable to work because of third degree burns covering 60 percent of his body, Hepatitis C, liver problems, poor circulation and post traumatic stress disorder. At the time, plaintiff was 41 years old and had past relevant work experience as a painter. Plaintiff's medical records showed that he had been treated for depression and chronic pain related to his hepatitis C and burn injuries. Also, he had received treatment for post traumatic stress disorder.

At the request of the state disability agency, Dr. Linda Ingison performed a consultative examination of plaintiff. She found that plaintiff's concentration and attention were in the adequate to low-adequate range but that his difficulties would be probably high in areas of stress, change and pacing demands.

After the state agency denied his application, plaintiff requested a hearing before an administrative law judge, who determined that plaintiff retained the residual functional capacity to perform simple, repetitive work at the light and sedentary exertional levels that required only minimal contact with the public, supervisors and coworkers. In making this decision, he discounted the opinion of plaintiff's treating physician, Dr. Lozeau, regarding plaintiff's limitations and assigned substantial weight to the opinions of Dr. Feinsilver and

2

Dr. Ingison. Relying on a vocational expert's response to a hypothetical incorporating the residual functional capacity assessment, the administrative law judge found that plaintiff was not disabled because he could perform either his past work as a maintenance worker as he had actually performed it or certain other jobs available in the economy. The administrative law judge's decision became the final decision of the commissioner when the Appeals Council denied plaintiff's request for review.

On appeal to this court, plaintiff argued that the administrative law judge "played doctor" in rejecting Dr. Lozeau's opinion in favor of a finding that plaintiff is capable of meeting the physical demands of light and sedentary work; failed to account for limitations posed by plaintiff's hepatitis; afforded too much weight to Dr. Feinsilver's opinion; did not adequately explain his residual functional capacity assessment; made an erroneous credibility determination; failed to consider his impairments in combination in determining his residual functional capacity; incorrectly determined that plaintiff could perform his past work; and erred in making his step five decision.

I remanded the case to allow the administrative law judge to explain how he incorporated into his residual functional capacity assessment Dr. Ingison's opinion concerning plaintiff's limitations in pace, stress and change. In all other respects, I affirmed the commissioner's decision.

3

OPINION

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "'a reasonable basis in law and fact.'" Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet his burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action. Pierce, 487 U.S. at 565.

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action which gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial

4

justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action"). Thus, fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. Marcus, 17 F.3d at 1036. The decision of the administrative law judge is considered part of the defendant's prelitigation conduct, making an examination of that conduct necessary to the substantial justification inquiry. Golembiewski, 382 F.3d at 724.

The critical issue in this case was whether the administrative law judge took into account plaintiff's limitations in concentration, persistence and pace when he made his finding that plaintiff could perform simple, repetitive work. Plaintiff argued that the phrase "simple, repetitive" work was meaningless, relying on the court of appeals' decisions in Craft v. Astrue, 539 F.3d 668, 677-78 (7th Cir. 2008), and Stewart v. Astrue, 561 F.3d 679, 685 (7th Cir. 2009), in which the court was critical of residual functional capacity assessments

5

that purported to account for the plaintiff's mental limitations by restricting the plaintiff to "simple, unskilled" or "simple, routine" tasks. The commissioner responded that Craft and Stewart were distinguishable because the claimants in those cases had mental limitations that were rated as "moderate," whereas plaintiff's concentrational limitations were rated only as "mild plus." Although I found that the commissioner's argument was not without merit, I concluded that the administrative law judge was required to account for plaintiff's limitations in concentration in his residual functional capacity assessment. The administrative law judge did not include any limitations that appeared on their face to account for Ingison's finding that plaintiff would have difficulties in the areas of stress, change and pacing and that the jobs identified by the vocational expert seemed to require a fast pace, high production quotas or both.

    I noted that, although it was possible that the administrative law judge might have interpreted Ingison's remarks to mean merely that plaintiff would have difficulty performing such jobs, it was not possible to discern that from his decision. I remanded the case because I could not determine whether his decision was supported by substantial evidence unless he explained how he reduced Ingison's opinions regarding plaintiff's work abilities to the conclusion that plaintiff was capable of simple, repetitive work requiring only minimal contact with others.

6

Relying on <u>Stein v. Sullivan</u>, 966 F.2d 317, 319-20 (7th Cir. 1992), the commissioner argues that when, as in this case, the administrative law judge's only error is a failure to explain his reasons with sufficient detail, the court is on solid ground denying an award of fees to the plaintiff. I agree. As in <u>Stein</u>, this was not a case in which the administrative law judge gave unsupported or illogical reasons for his decision, but rather one in which his rationale on one point was simply not clear enough to permit informed review. Except for this one point, I agreed with the commissioner that the administrative law judge had adhered to the regulations and reached a decision supported by substantial evidence. Having reviewed the administrative law judge's decision, my order on the merits and the parties' briefs, I am persuaded that the government's pre-litigation position and its litigation position in this case were substantially justified. Therefore, I will deny plaintiff's application for attorney fees and costs under the Equal Access to Justice Act.

ORDER

IT IS ORDERED that plaintiff Jack Travis's application for an award of attorney fees

and expenses under the Equal Access to Justice Act, dkt. #17, is DENIED.

Entered this 23rd day of March, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

8